### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-40613-btf-13 |
| Frances Kay Wright, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| Richard V. Fink, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 19-4037-btf |
| ) | |
| vs. ) | |
| ) | |
| Kindel Wright, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Chapter 13 trustee Richard Fink seeks to avoid and recover for the benefit of the bankruptcy estate two properties debtor Frances Wright transferred prepetition to her brother, Kindel Wright, under the theory that Frances transferred the properties with fraudulent intent under the Missouri Uniform Fraudulent Transfers Act (MUFTA).

Because the court determines (1) the properties were held in a constructive trust by Frances for Kindel, and (2) the trustee has not shown that the transfers constitute actual or constructive fraud, the court DENIES the trustee's request to avoid and recover the transfers.

The court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This matter is statutorily core under 28 U.S.C. § 157(b)(2)(H) and is constitutionally core. The court has the authority to hear the matter and make a final determination. No party has contested jurisdiction or the court's authority to make final determinations.

## FACTS

The parties submitted a Joint Stipulation of Facts (ECF No. 21), including Affidavits from Frances and Kindel. The Joint Stipulation of Facts and Affidavits form the basis for the following undisputed facts.

Kindel transferred the two properties via quitclaim deed to his sister, Frances, in 2009 to hold while he battled substance abuse issues. Frances did not pay Kindel any money or other consideration for this transfer. Frances and Kindel maintain Frances always intended to transfer the properties back to Kindel once he successfully completed a substance abuse program.

Kindel lived at one of the properties while Frances held legal title to the properties. During part of that time, Kindel rented out the other property. Kindel also paid all expenses relating to the properties including utilities, taxes, and insurance. Frances transferred the properties back to Kindel in 2016. Again, no money changed hands. But Frances had one or more collections suits pending against her at the time.

Frances filed her current Chapter 13 bankruptcy petition in 2019. She previously filed a Chapter 13 petition in 2018, but the case was dismissed before the court confirmed a plan.

Having outlined the relevant facts, the court will now address the parties' arguments.

## ANALYSIS

The issue before the court is whether Frances' 2016 property transfers to Kindel were fraudulent under § 428.024 or § 428.029 of MUFTA. If the transfers are fraudulent, the trustee may avoid them and the properties become part of Frances' bankruptcy estate.

The trustee alleges that Frances' 2016 transfers to Kindel were fraudulent and the two properties should become part of Frances' bankruptcy estate. Kindel alleges the

2

transfers were not fraudulent because Frances was holding them in constructive trust for his benefit, thus Kindel remained the rightful owner the entire time.

Here, the court finds Frances held the two properties in constructive trust for the benefit of Kindel and merely satisfied an existing obligation when she reconveyed the properties to Kindel. Additionally, the trustee did not satisfy his burden of proving Frances' 2016 transfers to Kindel were actually or constructively fraudulent. The trustee, therefore, cannot avoid the 2016 transfers or recover the two properties for the benefit of Frances' bankruptcy estate.

### I. Frances Held the Properties in a Constructive Trust for Kindel, Their Rightful Owner

The court first considers whether Frances held the properties in constructive trust for the benefit of Kindel. Bankruptcy courts are "guided and directed by state law and Missouri courts" when determining whether a constructive trust exists. *See Sosne v. Gant (In re Gant)*, 178 B.R. 169, 172 (Bankr. E.D. Mo. 1995) (because constructive trusts serve to remedy unfairness resulting from recorded deeds and recorded deeds are governed by state law, state law is persuasive when determining whether a constructive trust exists).

Under Missouri law, the person holding title pursuant to a recorded deed to real property is presumed to be its owner. *See id.* (discussing the significance of recordation). But courts (including bankruptcy courts) may use equitable remedies available under Missouri law "to alleviate some of the unfairness resulting from the presumptions in favor of a recorded deed." *Id.* at 172.

One such remedy is a constructive trust. Courts in Missouri have imposed constructive trusts where a person holding title to a property has an equitable duty to convey it to another because retaining the property would unjustly enrich the title-holder. *Brown v. Brown*, 152 S.W.3d 911, 916–17 (Mo. Ct. App. 2005). Constructive trusts are "fluid, flexible

3

device[s] which may be employed to remedy many different types of injustice," including undue influence, unjust enrichment, or unfairness. *Id.* at 917. Courts may impose constructive trusts even when the person retaining the property rightfully acquired it—fraud is not a necessary element for a constructive trust to arise. *Id.* 917–18 (citations omitted). When determining whether a party would be unjustly enriched by retaining a property, courts may consider whether the party holding title intended to own the property for a finite period of time. *See In re Bauer*, 2011 WL 1135113 at *4 (Bankr. W.D. Mo. March 25, 2011) (holding a constructive trust did not exist where there was no evidence showing the transferor intended the transferee to hold the properties in constructive trust); *In re Onka*, 09-43458 (Bankr. W.D. Mo. filed Oct. 29, 2009) (holding a constructive trust did not exist when the transferor intended for the transferee to permanently hold title to the property).

The party seeking imposition of a constructive trust bears the burden of proof. An extraordinary degree of proof is required; "the evidence must be so unquestionable in its character, so clear, cogent and convincing that no reasonable doubt can be entertained as to its truth and the existence of a trust." *Brown*, 152 S.W.3d at 920 (quoting *Aronson v. Spitcaufsky,* 260 S.W.3d 548, 549 (Mo. 1953)). But that is not to say that there cannot be contrary evidence.

Here, the evidence shows Kindel retained an equitable interest in the properties during the time Frances held the legal title. In 2009, when Kindel transferred the property to Frances, both parties intended Frances would hold legal title to the properties for a finite amount of time while Kindel addressed his substance abuse issues. Kindel paid all expenses of ownership, maintenance, and operation of both properties during the time Frances held legal title. Kindel also resided at one of the properties and rented out the other property. Kindel's actions while Frances held title to the properties demonstrated he was the rightful owner.

4

The evidence clearly shows Frances held the properties in constructive trust for Kindel's benefit from 2009 to 2016. Frances was, therefore, obligated to reconvey the properties to Kindel. She merely held legal title to, but no equitable interest in, the properties; Frances would be unjustly enriched if she could retain the properties. Thus, Kindel was the rightful owner.

Previous decisions in which this court declined to impose constructive trusts materially differ from this case. In *In re Onka*, 09-43458 (Bankr. W.D. Mo. filed Oct. 29, 2009), this court held a constructive trust did not arise. Order Granting Trustee's Mot. to Deny Confirmation, Oct. 29, 2009, ECF No. 23. Though the parents titled the property in the sons' names, they stated that they did not intend to give their sons a present interest in the property. Rather, they intended to avoid probate by having their sons' names on the property so that it would not be in the parents' names at their death. *Id.* at 2. Although the parents do not appear to have intended the sons to have a present interest in the property, there is no evidence suggesting they intended the sons to hold it in trust for the parents' benefit for any amount of time. *Id.* at 10–12. The court in that case held that mere confusion of the law is an insufficient ground to impose a constructive trust. *Id.* at 10–11. In *In re Bauer*, this court held that a constructive trust did not exist, in part because the debtor did not proffer evidence of the transferor's intent when making the transfer. *In re Bauer*, 2011 WL 1135113 at *4 (Bankr. W.D. Mo. March 25, 2011).

The facts in this case are distinguishable from those in *Onka* and *Bauer* because here, Kindel clearly intended that Frances hold the properties in trust. In *Onka*, while the parents did not intend to presently give their children a permanent interest in the property, that was their end goal. And in *Bauer* there was no evidence of the transferor's intent at all. Here, in contrast, Kindel never intended for Frances to have any sort of permanent interest in the

5

properties. As discussed above, he stated his intent was for Frances to hold the properties in her name while Kindel addressed personal issues and then to return them to Kindel. Thus, the evidence in the present case clearly requires the court to impose a constructive trust.

The court finds that Frances held the properties in a constructive trust for the benefit of Kindel from 2009 to 2016. Prior to the reconveyance to Kindel, Frances only held "bare legal title to [the] property, subject to a duty to reconvey it to the rightful owner." *See N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis (In re N.S. Garrott & Sons)*, 772 F.2d 462, 467 (8th Cir. 1985) (explaining the ownership ramifications on a debtor if a court imposes a constructive trust). Therefore, Kindel, not Frances, was the true owner of the properties and Frances was legally obligated to reconvey them to Kindel. Finding Frances held the properties in a constructive trust, the court now turns to the issue of whether the 2016 transfers were fraudulent under MUFTA.

## II. Frances' 2016 Transfers to Kindel are Not Fraudulent Transfers Under MUFTA

Under MUFTA, a plaintiff may avoid a transfer by showing it was either actually or constructively fraudulent. *See* Mo. Rev. Stat. §§ 428.024.1, 428.039.1 (2016). To determine actual fraud, courts consider the badges of fraud, whereas to determine constructive fraud, courts consider the "underlying economic circumstances to determine whether a particular transfer is injurious to a creditor." *Higgins v. Ferrari*, 474 S.W.3d 630, 636–40 (Mo. Ct. App. 2015). For both actual and constructive fraud, a plaintiff has the burden of proof by clear and convincing evidence. *Id.* at 636, 639.

### A. *Actual Fraud*

A plaintiff can show actual fraud by showing (1) "the transfer was made with an intent to hinder, delay, or defraud creditors;" or (2) a debtor made the transfer "without receiving a

6

reasonably equivalent value in exchange for the transfer and the debtor intended to incur debtors beyond his ability to pay as they became due." Mo. Rev. Stat. §§ 428.024.

To establish fraudulent intent, courts in Missouri consider the badges of fraud. *Higgins*, 474 S.W. 3d at 636. There are eight generally accepted badges of fraud:

> (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all of the debtor's property; (7) insolvency caused by the transfer; and (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious.

*Id.* at 636–37; *Taylor v. Clark*, 140 S.W.3d 242, 251 (Mo. Ct. App. 2004). Section 428.024.1 enumerates eleven additional factors that supplement the judicial badges of fraud:

> (1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Mo. Rev. Stat. § 428.024.2.

The presence of several badges of fraud raises the presumption that a transfer was fraudulent. But the transferor can rebut that presumption by showing "the transfer was not made . . . to hinder, delay, or defraud creditors." *Higgins*, 474 S.W.3d at 638. And, even if a transfer is fraudulent under § 428.024.1, it is not voidable if the transferee can prove he or she "took in good faith and for a reasonably equivalent value." *Id.*

Here, the trustee has not satisfied his burden of proving Frances made the transfers with fraudulent intent. The trustee alleges four factors from § 428.024(1) apply: (1) the

7

debtor had been sued or threatened with suit before the transfers were made; (2) the debtor was or became insolvent shorty after making the transfers; (3) the value of the consideration the debtor received was not reasonably equivalent to the value of the asset transferred; and (4) the transfers were made to an insider. But because many of the badges of fraud the trustee alleged have logical explanations, the trustee has not proven the requisite fraudulent intent. The court will address each of the badges in turn.

First, the trustee alleged that the debtor had been sued or threatened with suit before the transfers were made. It is undisputed that Frances had a collections action filed against her before she transferred the properties back to Kindel. Thus, the trustee met his burden of proof as to this factor.

Second, the trustee alleges Frances was or became insolvent around the time the transfers were made but has not proffered clear evidence proving the point. An individual is insolvent if his or her debts exceed his or her assets. Mo. Rev. Stat. § 428.014(1). Additionally, if a debtor is generally not paying his or her debts, he or she is presumed to be insolvent. Mo. Rev. Stat. § 428.014(2).

The trustee alleged Frances was insolvent at or around the time of the transfers, pointing to her 2018 bankruptcy filing and an unclear number of collections cases against her. But the trustee has not shown how the bankruptcy filing and collections cases indicate insolvency. For example, the trustee appears to allege Frances' 2018 bankruptcy filing demonstrates her insolvency at the time of the transfer. But the transfers occurred in 2016— two years prior to Frances' bankruptcy filing. The trustee does not show how Frances' insolvency in 2018 proves she was insolvent in 2016.

Additionally, the trustee apparently alleges collections cases filed against Frances in 2016 show her insolvency. But the parties dispute the number of collections cases filed against Frances in 2016, so the amount of debts that were going unpaid is unclear. These

8

cases do show that Frances was not paying certain debt, but do not necessarily indicate she was "generally not paying [her] debts." The extent to which these examples show Frances' insolvency at the time of the transfers is unclear, thus, the trustee has failed to prove Frances was or would soon be insolvent at the time of the transfers.

Third, the trustee alleged Frances did not receive reasonably equivalent value for the properties when she transferred them to Kindel. But given the circumstances, the reasonable value of Frances's interest was zero. As explained above, Frances was merely holding the properties in constructive trust for Kindel and had a preexisting obligation to reconvey the properties to him. If, prior to her bankruptcy, Frances had not reconveyed the properties to Kindel, he, as the rightful owner, could have pursued legal action and had the court compel her to return the properties for no consideration. As a result, the lack of consideration for the 2016 transfers does not evidence fraudulent intent; Frances was already obligated to reconvey the properties to Kindel, the rightful owner.

Finally, Kindel's status as an insider does not indicate fraud. As discussed above, Kindel transferred legal title to his properties to his sister for safe-keeping. Though Frances' name was on the deeds from 2009 to 2016, neither Kindel nor Frances ever intended Frances to permanently own the properties. As Kindel points out, this sort of transaction requires a great deal of trust, and not the sort of deal you would enter into with a stranger. Therefore, Frances' decision to return the properties to Kindel—an insider—does not indicate fraud.

The trustee has not met his burden to prove the 2016 transfers constitute avoidable transfers under MUFTA. Though the trustee alleged four badges of fraud, he has shown only one: that Frances had been sued prior to the transfers. The remaining three badges fail to demonstrate fraudulent intent: the facts that the transfers were not for value and were made to an insider both have logical explanations, and the trustee has not clearly shown that

9

Frances was or was about to become insolvent at the time of the transfers. Thus, the trustee's evidence of actual fraudulent intent is neither clear nor convincing.

### B.    *Constructive Fraud*

Under § 428.029, constructive fraud can be shown two ways. Mo. Rev. Stat. § 428.029. First, a transfer is constructively fraudulent if the debtor made it "without receiving a reasonably equivalent value in exchange for the transfer or obligation" and if the debtor was or became insolvent as a result of the transfer. Mo. Rev. Stat. § 428.029.1. Second, a transfer is constructively fraudulent "if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." Mo. Rev. Stat. § 428.029.2.

Here, the plaintiff has not shown constructive fraud exists under either section of the statute. As explained above, because Frances held the properties in constructive trust, the properties were not available to satisfy Frances' creditors and the reasonably equivalent value of the transfers was zero. In reconveying the properties to Kindel, Frances merely satisfied a preexisting legal obligation. Therefore, the transfers were not constructively fraudulent under the first section of the statute because the transfers were for reasonably equivalent value. Additionally, as explained above, the trustee has not satisfied his burden to show Frances was, or Kindel had reasonable cause to believe, Frances was insolvent at the time of the transfers. So, although the transfers were to Frances' brother, an insider, there was no constructive fraud under § 428.029.2 because the trustee did not show Frances was insolvent at the time of the transfers.

The trustee has not shown actual or constructive fraud exists in this case. As a result, the court finds that the trustee cannot avoid Frances' 2016 transfers to Kindel under MUFTA.

10

## **CONCLUSION**

For the reasons explained above, the court DENIES the trustee's request to avoid the transfers from Frances to Kindel and recover the properties for the benefit of the estate. The clerk is directed to enter a judgment on the record consistent with this opinion.

Dated: 12/10/19 /s/ Brian T. Fenimore

U.S. Bankruptcy Judge